

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-90,175-01

**IN RE DENNIS JAY RUCKMAN, Relator**

**ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. 10703 IN THE 266TH DISTRICT COURT
FROM ERATH COUNTY**

*Per curiam*.

**O P I N I O N**

Relator has filed a motion for leave to file an application for a writ of mandamus pursuant to the original jurisdiction of this Court. On June 24, 1999, he pleaded guilty to sexual assault and was placed on deferred adjudication probation for ten years. He contends that he completed his period of deferred adjudication probation and that the trial court has a ministerial duty to dismiss the proceedings and discharge him. *See* TEX. CODE CRIM. PROC. art. 42.12, § 5(c) (1997) ("On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him."). The Eleventh Court of Appeals denied Relator's mandamus

application. It concluded that although the act Relator sought to compel was ministerial, he had an adequate remedy in Article 11.072 of the Code of Criminal Procedure. *In re Ruckman*, No. 11-08-00216-CR (Tex. App.—Eastland Sept. 27, 2018) (not designated for publication). Relator now urges this Court to order the trial court to dismiss the proceedings and discharge him.

We conditionally grant mandamus relief and order the trial court to dismiss the proceedings in this cause and discharge Relator. The writ of mandamus will issue only if the trial court fails to comply with this opinion.

Filed: September 11, 2019
Do not publish